IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FRANKLIN MARIN
and JOSE TREVINO                                                                                    PLAINTIFFS

v.                                         Case No. 1:21-cv-1024

LION OIL COMPANY, LLC and
DELEK US HOLDINGS, INC.                                                                          DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion to Dismiss Without Prejudice. ECF No. 39. Defendants have responded. ECF No. 40. Plaintiffs have replied. ECF No. 41. The Court finds the matter ripe for consideration.

**BACKGROUND**

On May 26, 2021, Plaintiffs filed their Complaint against Defendants. ECF No. 2. Defendants subsequently answered. ECF No. 8. On February 25, 2022, Plaintiffs filed their First Amended Complaint, which added Turn2 Specialty Companies, LLC ("Turn2") and Team Enterprise Project Control Organization, LLC ("TEPCO") as Defendants. ECF No. 28. On March 3, 2022, Defendants Lion Oil, LLC ("Lion Oil") and Delek US Holdings, Inc. ("Delek") filed their Answer to Plaintiffs' First Amended Complaint. ECF No. 35. Plaintiffs subsequently filed a motion to dismiss Defendants Turn2 and TEPCO (ECF No. 37), which the Court granted (ECF No. 38).

On March 17, 2022, Plaintiffs filed the instant motion, requesting that this Court dismiss this matter without prejudice. ECF No. 39. Defendants Lion Oil and Delek responded in opposition, contending that the dismissal should be with prejudice or with certain conditions attached. ECF No. 40. Plaintiffs replied, arguing that Defendants have not offered sufficient

reasons for this matter to be dismissed with prejudice or dismissed with the conditions Defendants requested. ECF No. 41.

## DISCUSSION

In the instant motion, Plaintiffs move to have this matter dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 39, p. 1-2. Plaintiffs state that the most recent answer by Defendants made it apparent that other parties are more likely responsible for the incident giving rise to Plaintiffs' claims and that they will pursue those claims in a Texas state court. *Id*. at p. 2. Plaintiffs contend that Defendants will not be prejudiced by the requested dismissal because of the limited amount of discovery that has occurred, the lack of any dispositive motions pending, and because Plaintiffs agree to conditioning dismissal on being limited to re-filing these claims in this Court. *Id*. at p. 2-3.

Defendants responded in opposition. ECF No. 40. Defendants argue that a dismissal without prejudice would only serve to potentially place this litigation on hold and allow Plaintiffs a second chance at their claims after demonstrating a lack of diligence in their first opportunity. *Id*. at p. 1-2. Defendants note that they turned over significant written discovery to Plaintiffs. *Id*. at p. 2. Defendants further note that Plaintiffs were not "fulsome" in their Interrogatory and Request for Production responses and claimed much of the information sought was the subject of expert testimony, even though Plaintiffs never disclosed any expert witnesses or expert reports by the relevant deadline. *Id*. at p. 2-3. Defendants argue that their costs in litigating this matter in the face of Plaintiffs' lack of diligence coupled with Plaintiffs' admission that other parties are more likely liable for their claims indicates that this matter should be dismissed with prejudice. *Id*. at p. 3-4. If this matter is not dismissed with prejudice, Defendants alternatively ask that the dismissal

2

be conditioned on Plaintiffs being limited to re-filing in this Court within one year of dismissal and barring Plaintiffs from utilizing experts if they refile. *Id*. at p. 4.

Plaintiffs replied, arguing that Defendants have suggested bad faith on their part where none exists. ECF No. 41, p. 1. Plaintiffs contend that Defendants have failed to show any genuine prejudice that they would incur if this matter is not dismissed with prejudice. *Id*. at p. 2. Plaintiffs further contend that the alternate conditions that Defendants request be placed on a dismissal would function as a dismissal with prejudice because those time and substantive limits would make it nearly impossible for Plaintiffs to re-litigate their claims in this Court. *Id*. at p. 2-3.

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."[1] Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side. Courts will generally grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Adams v. USAA Casualty Insurance Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). The following factors are analyzed when a plaintiff seeks voluntary dismissal under Rule 41(a)(2): "(1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment." *Beaver v. Bretherick*, 227 F. App'x. 518, 520 (8th Cir. 2007) (citing *Paulucci*, 826 F.2d at 783).

---

[1] Plaintiff's Motion to Dismiss is subject to Rule 41(a)(2) and not Rule 41(a)(1)(A) because Defendants have filed an answer and did not sign onto Plaintiffs' request for dismissal.

The Court finds that Plaintiffs' request for a dismissal without prejudice should be granted. The factors for evaluating a request for dismissal under Rule 41(a)(2) favor granting the dismissal without prejudice. Plaintiffs have explained that they believe all their claims are more properly asserted against other defendants in a state court forum. This matter is still in the discovery stage, and there are nearly four months remaining before the trial in this matter is scheduled to commence. Defendants have not filed a motion for summary judgment. The Court notes that Plaintiffs failed to adhere to certain discovery deadlines regarding expert witnesses while simultaneously withholding certain discovery responses on the basis that they were subject to expert testimony. However, the Court does not find this lack of diligence reaches such a degree that it should result in dismissing this matter with prejudice.

The Court also finds that it cannot place the conditions requested by Defendants on a dismissal without prejudice. As Plaintiffs noted, it is highly unlikely that their claims in state court will be resolved within a year of a dismissal in this matter. Also, precluding the use of expert witnesses upon re-filing could make relitigating their personal injury claims functionally impossible. While certain cost conditions placed upon a dismissal without prejudice are appropriate, a condition that fundamentally prejudices a plaintiff's ability to relitigate its claim is not permissible. *See Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327-28 (11th Cir. 2004) (citations omitted). Taking note of the lackadaisical and contradictory actions that Plaintiffs took regarding expert deadlines and responses to discovery requests, the Court finds it more appropriate to require Plaintiffs to pay for any duplicative discovery costs and expenses that Defendants incur if Plaintiffs do choose to relitigate their claims against Defendants. *See, e.g., Gray v. Burlington Northern Santa Fe Ry. Co.*, 2011 WL12828516 at *2 (E.D. Ark. Mar. 15, 2011) (granting a Rule 41(a)(2) request for dismissal without prejudice, but conditioned refiling on

payment of any costs, expenses, and fees incurred by Defendant that will be duplicated because of refiling). The Court also finds that Plaintiffs' proffered condition of requiring these claims to be re-filed in this Court is appropriate.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion to Dismiss Without Prejudice (ECF No. 39) should be and hereby is **GRANTED**. Plaintiffs' claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court places the following conditions on this dismissal: (1) if Plaintiffs choose to re-file these claims against Defendants, they must do so in this Court, and (2) any duplicative discovery costs and expenses incurred by Defendants as a result of any such re-filing must be paid by Plaintiffs.

**IT IS SO ORDERED**, this 11th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge